

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1803 | **DATE** | 2/12/2001 |
| **CASE TITLE** | Jonathon Landon etc. Vs. Oswego Unit School Dist #308 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling Held. Enter Memorandum Opinion and Order. Plaintiff's motion for a protective order preventing further discovery is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | FEB 1 3 2001 | | |
| ✓ | Docketing to mail notices. | date docketed | | **55** |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | | |

courtroom deputy's initials LG

01 FEB 12 PM 3:09

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

**DOCKETED**

FEB 1 3 2001

JONATHON LANDON, a minor, by and through ）
his mother, DONNA MUNICI, ）
）
     **Plaintiff,** ）
）    **No. 00 C 1803**
    **v.** ）
）
OSWEGO UNIT SCHOOL DISTRICT # 308, ）    **Judge John W. Darrah**
）
    **Defendant.** ）

### MEMORANDUM OPINION AND ORDER

Plaintiff, Jonathon Landon, a minor, by and through his mother and next friend, Donna Munici, commenced an action against defendant, the Oswego Unit School District # 308, alleging the defendant discriminated on the basis of sex and retaliated against plaintiff in violation of Title IX of the Educational Amendments of 1972 and intentionally inflicted emotional distress upon plaintiff. Before this Court are motions to quash the subpoenas for the deposition of Tina Varney and the counseling records of plaintiff from Aunt Martha's Youth Services. Plaintiff also seeks a protective order preventing further discovery on issues relating to plaintiff's possible criminal misconduct.

Plaintiff argues that Tina Varney's subpoena should be quashed because Illinois law, as expressed by the Juvenile Court Act, 705 ILCS 405/1-8, restricts the accessability of juvenile court records sought by defendant. Court records relating to juveniles are presumed confidential and are not to be released unless the party seeking the release demonstrates that the release falls within one of the statutorily defined exceptions. *In re W.L.*, 293 Ill. App. 3d 818, 689 N.E.2d 275, 276 (1997).



Section 1-8(A)(8)(C) allows juvenile court records to be available for inspection, in part, by "properly interested persons." 705 ILCS 405/1-8(A)(8)(C). The general purpose of the Juvenile Court Act is to protect the interests of minors, including the confidentiality of the minor's identity and the avoidance of an invasion of the minor's privacy. See 705 ILCS 405/1-2; *In re K.D.*, 279 Ill. App. 3d 1020, 666 N.E.2d 29, 31 (1996).

In the present case, defendant alleges that the plaintiff's juvenile records are relevant to both the proof required for plaintiff to prove his case and to defendant's defenses. Defendant correctly identifies that the present issue involves the scope of discovery, not the admissibility of testimony or exhibits at trial. As a defendant in a suit brought by plaintiff, defendant is a "properly interested person" in inspecting the plaintiff's juvenile records to enable defendant to defend against the suit when, in good faith, it believes the records are relevant to the case. See *In re K.D.*, 666 N.E.2d at 31-32 (trial court did not abuse its discretion by allowing the Department of Professional Regulation to review minor's juvenile file in which a licensed physician allegedly committed sexual abuse on his minor stepchild). Accordingly, the Court finds that defendant may review plaintiff's juvenile court records.

Plaintiff also argues the subpoena should be quashed because the probation records are privileged as a matter of state law. Federal Rule of Civil Procedure 26(b)(1) provides that parties may discover any matter not privileged which is relevant to the subject matter involved in the pending action. Rule 501 of the Federal Rules of Evidence governs the applicability of privileges in the federal court. Federal common law applies in cases based upon a federal cause of action even if the complaint states a pendent state law claim. Fed. R. Evid. 501; *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061 n. 3 (7th Cir. 1981) (*Shadur*). Here, the principal

2

claims arise under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. Thus, federal common law governs the privilege determination.

However, the federal court still considers the law of the state in which the case arises in determining whether a privilege should be recognized as a matter of federal law. *Shadur*, 644 F.2d at 1061. Where a federal claim is the principal claim, the federal court has discretion regarding whether a state law privilege applies. *Shadur*, 644 F.2d at 1061. Two principles govern the federal court's determination. "First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed." *Shadur*, 644 F.2d at 1061; *Jaffe v. Redmond*, 518 U.S. 1, 19 (1996) (*Jaffe*). Second, the federal court should weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case. *Shadur*, 644 F.2d at 1061-62(citation omitted).

Here, defendant argues that the probation records contain relevant information to both the elements of plaintiff's Title IX claim and the amount and type of damages claimed. Plaintiff argues that he has not accused defendant of causing an increased propensity to criminal activity; therefore, there is no need to inquire into such material. Defendant's response to plaintiff's motion articulates several examples of evidence it believes plaintiff's records will provide that are relevant and vital to its defense. See *People v. Norwood*, 54 Ill. 2d 253, 296 N.E.2d 852, 854 (1973) (Juvenile Court Act did not bar the disclosure of juvenile records insofar as they might be relevant to impeaching the credibility of a juvenile witness by showing a possible motive to testify falsely). The Court acknowledges the State's desire to keep juvenile records confidential and plaintiff's desire to keep

such materials confidential. However, the defendant has shown that the records likely contain relevant information to the instant case, and defendant seeks the material at this time only for discovery purposes. In addition, a protective order is presently in place for records relating to plaintiff's physical, mental health, and disabilities records. Defendant's motion indicates that defendant is agreeable to a protective order that would insulate the information contained in the records presently in dispute.

Plaintiff also argues the records sought from Aunt Martha's Youth Services are privileged under the psychotherapist-patient privilege as recognized by the United States Supreme Court in *Jaffe*. However, the relevant question in the instant case is whether the plaintiff has waived the privilege by placing his mental condition at issue. Generally, a party waives the psychotherapist-patient privilege when the patient-litigant puts his or her mental condition into issue. *Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.*, 967 F.Supp. 346, 349 (N.D.Ill. 1997); *Adams v. Adcor*, 196 F.R.D. 339, 344 (E.D. Wis. 2000); *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 528-29 N.D.Ill. 1999). In the present case, plaintiff seeks compensation for "severe emotional distress" and costs of future medicare care and treatment necessary to treat the emotional injury. Plaintiff's response to defendant's interrogatories indicate that the alleged sexual harassment caused plaintiff to attempt suicide on at least two occasions, engage in self mutilation, and change his behavior toward men. Plaintiff also refers defendant to additional information found in plaintiff's medical records. In her deposition, plaintiff's mother testified that while plaintiff experimented with marijuana, he did not have a problem with drugs "like he did" after the alleged sexual harassment. The damages sought by plaintiff and the means of proving those damages, as expressed in plaintiff's pleadings and depositions to date, indicate that plaintiff has put his mental condition into issue and

has, therefore, waived his psychotherapist-patient privilege. Plaintiff's Motion To Quash the Subpoena to Aunt Martha's Youth Services is denied.

Plaintiff also seeks a protective order preventing further discovery on the issue of plaintiff's alleged criminal misconduct. Plaintiff does not identify any other discovery sought by defendant that plaintiff finds improper. The above findings have addressed the present discovery issues, and the Court will not place a protective order preventing defendant from discovering what is, at this time, mere speculation. If defendant attempts to discover additional information that plaintiff believes is not discoverable, a motion seeking prevention of such discovery material may be filed; and the Court will address the issue at that time. Plaintiff's Motion For a Protective Order Preventing Further Discovery is denied.

For the above reasons, the parties are directed to prepare a protective order regarding any additional documents that are properly discoverable that are not presently covered by the existing protective order. Any documents filed subsequent to this order that contain part or all of the above enumerated documents shall be filed under seal. In addition, the Clerk Of the Court is directed to remove the previously filed defendant's Response to Motion to Quash from the public record and seal the said document to the same extent as if it had been originally filed under seal. See *Krach-Naden v. Sauk Village*, 1999 WL 543190, No. 97 C 1525, (July 22, 1999). Furthermore, the Court will deliver a copy of the requested probation and counseling records in the Court's possession for purposes of defendant's discovery request on or before February 21, 2001, absent further objection by plaintiffs.

Dated: *February 12, 2001*

_____
JOHN W. DARRAH
United States District Judge

5