# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1803 | **DATE** | 6/14/2001 |
| **CASE TITLE** | JONATHON LANDON vs. OSWEGO UNIT SCHOOL DISTRICT #308 | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to strike plaintiff's punitive damage claims is granted.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | FILED FOR DOCKETING 01 JUN 14 PM 5: 54 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUN 1 5 2001

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JONATHON LANDON, a minor, by and through his mother, DONNA MUNICI, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 00 C 1803 |
| v. | ) ) | |
| OSWEGO UNIT SCHOOL DISTRICT # 308, | ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jonathon Landon, a minor, by and through his mother and next friend, Donna Munici, commenced an action against defendant, the Oswego Unit School District # 308, alleging the defendant discriminated on the basis of sex and retaliated against plaintiff in violation of Title IX of the Educational Amendments of 1972 and intentionally inflicted emotional distress upon plaintiff. Before this Court is defendant's motion to strike plaintiff's claims for punitive damages.

Defendant argues that plaintiff's punitive damage claims should be stricken because the school district is a municipality which is immune from punitive damages. Plaintiff argues that punitive damages are allowed pursuant to *Franklin v. Gwinnett County Public Sch.*, 502 U.S. 60 (1992) (*Franklin*). The Seventh Circuit has not, nor has any other circuit court, determined whether punitive damages are recoverable in a Title IX action. In addition, this Court was unable to locate any other Northern Illinois District Court decisions regarding this issue.

Defendant relies primarily upon *Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981) (*Newport*), in which the Court found that a municipality is immune from punitive damages in a 42

U.S.C. § 1983 action.

In *Newport*, the Court considered both the history and policy of an award of punitive damages in determining whether punitive damages were appropriate in a § 1983 suit. *Newport*, 453 U.S. at 259. In addressing the history of punitive damages and municipality liability, the Court noted that the "judicial disinclination to award punitive damages against a municipality has persisted to the present day." Reviewing several cases upholding the common-law tradition of disallowing punitive damages against a municipality, the Court found a distinction "between liability to compensate for injuries inflicted by a municipality's officers and agents, and vindictive damages appropriate as punishment for the bad-faith conduct of those same officers and agents." Compensation was an obligation properly shared by the municipality, but punishment was properly applied only to the actual wrongdoer. *Newport*, 453 U.S. at 263. The refusal of the Court to award punitive damages against a municipality protected the public from unjust punishment and protected the municipalities from undue fiscal burdens. The Court concluded that, given this well established common law principle that a municipality was immune from punitive damages, Congress would have specifically so provided had it wished to abolish the doctrine. *Newport*, 453 U.S. at 263.

Having found no evidence that Congress intended to disturb common law immunity, the Court considered whether public policy dictated a different result. *Newport*, 453 U.S. at 266. The Court noted that an award of punitive damages was not intended to compensate an injured party; instead, its purpose was to punish the wrongdoer and to deter him and others from similar extreme conduct. *Newport*, 453 U.S. at 266. The Court found that an award of punitive damages against a municipality did not advance the retributive-deterrent purposes of punitive damages because such an award punished "only the taxpayers who took no part in the commission of the tort." The Court

held that an award of punitive damages against a municipality were, in effect. a windfall to a fully compensated plaintiff at the cost of the "blameless or unknowing taxpayers." *Newport*, 453 U.S. at 267.

The Court also found that an award of punitive damages assessed against a municipality did not further the deterrence aspect of punitive damages. *Newport*, 453 U.S. at 268. The Court found that "it [was] far from clear" that municipal officials would be deterred from wrongdoing if they knew that punitive damages could be assessed against a municipality. In addition, allowing juries and courts to assess punitive damages against the municipal official, based on that person's financial resources, was a more effective means of deterrence because it directly advanced the public's interest in preventing repeated constitutional violations. *Newport*, 453 U.S. at 269.

In sum, the considerations of history and policy did not support exposing a municipality to punitive damages for the wrongdoing of one of its officials because absolute immunity from such damages was established at common law and undisturbed by Congress when enacting § 1983, and such immunity was compatible with the purposes of § 1983 and the general principles of public policy. *Newport*, 453 U.S. at 271.

Citing to *Newport* and its general proposition that punitive damages are not recoverable against a municipality absent express statutory authority, some district courts have found that punitive damages are not allowed in a Title IX claim. *See Booker v. Boston*, 2000 WL 1868180 (D. Mass. Dec. 12, 2000); *Morlock v. West Cen. Educ. Dist.*, 46 F.Supp.2d 892, 924 (D. Minn. 1999); *Crawford v. Sch. Dist. of Philadelphia*, 1998 WL 288288 (E.D. Pa. June 3, 1998); *Doe v. Londonderry Sch. Dist.*, 970 F.Supp. 64, 76 (D. N.H. 1997).

In *Franklin*, the Court addressed the availability of damage awards under Title IX, the same

statute at issue in the present claim. The *Franklin* Court found that a damages remedy is available for an action to enforce Title IX. *Franklin*, 503 U.S. at 76. The Court stated that the general rule "is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." *Franklin*, 503 U.S. at 70-71. After reviewing two amendments to Title IX enacted after *Cannon v. University of Chicago*, 441 U.S. 677 (1979), the Court found that "Congress did not intend to limit the remedies available in a suit brought under Title IX." *Franklin*, 503 U.S. at 72. The Court concluded that "a damages remedy is available for an action brought to enforce Title IX." *Franklin*, 503 U.S. at 76.

Citing *Franklin*, some district courts have found that punitive damages are available in a Title IX action. *See Henkle v. Gregory*, 2001 WL 213005 (D. Nev. Feb. 28, 2001); *Canty v. Old Rochester Reg. Sch. Dist.*, 54 F.Supp.2d 66, 70 (D. Mass. 1999); *see also Waid v. Merrill Area Public Sch.*, 91 F.3d 857, 861 (7th Cir.1996) (*Waid*) (citing *Franklin*, the Court noted that Title IX provided "extensive remedies."

Plaintiff argues that *Franklin's* holding that "Congress did not intend to limit the remedies available ... under Title IX" is applicable to the award of punitive damages against a municipality. However, while the *Franklin* Court did hold that an action under Title IX included a remedy for monetary damages (*Franklin*, 503 U.S. at 76), the *Franklin* Court did not specify whether such remedy includes punitive damages against a municipality.

In addition, the *Franklin* Court did not indicate that its prior holding in *Newport* would not apply to an award of damages pursuant to Title IX. An analysis of the present issue under both *Newport* and *Franklin* leads to the conclusion that punitive damages are not allowed against a

municipality in a Title IX action.

As in *Newport*, Congress did not expressly waive the long-established common law principle that punitive damages may not be awarded against a municipality when enacting or amending Title IX. And while Congress did not intend to limit the remedies available in a Title IX suit (*Franklin*, 503 U.S. at 72), and the remedies available are extensive (*Waid*, 91 F.3d at 8621), punitive damages are not remedial and are not intended to compensate the injured party. Instead, punitive damages are vindictive damages that are awarded to punish the wrongdoer. *Newport*, 453 U.S. at 263, 265-67. A plaintiff may be awarded all available compensatory damages for a violation of Title IX "'to make good the wrong done,'" (*Franklin*, 503 U.S. at 66, quoting *Bell v. Hood*, 327 U.S. 678, 684 (1946); but an award of punitive damages goes beyond such remedy and is, therefore, not recoverable against a municipality absent express statutory authority (*Newport*, 453 U.S. at 263-64).

In addition, consideration of public policy fails to dictate that punitive damages should be allowed against a municipality in a Title IX action. As in *Newport*, an award of punitive damages against a municipality would only punish the taxpayer who took no part in the wrongdoing. The municipality may already be found liable for compensatory damages – any additional damages imposed on the municipality would be a windfall to the plaintiff. *Newport*, 453 U.S. at 267. Exposing municipalities to such liability fails to advance the retributive purpose of a punitive damage award and imposes an unreasonable burden on the taxpayers who support them.

Furthermore, such liability also fails to prevent future misconduct. A municipality official's knowledge that large punitive awards could be assessed based on the municipality's wealth is unlikely to deter that official from misconduct. In fact, the opposite is more likely true given that the municipality would satisfy a judgment for punitive damages returned jointly against the

municipality and the wrong-doing official. The more effective means of deterring an official's misconduct would be to assess the punitive damages against the offending official based on that person's financial resources. The possibility of such an award provides sufficient protection against the prospect that the official may commit recurrent violations of Title IX by reason of his or her office. *See Newport*, 453 U.S. at 269.

In conclusion, the considerations of common law history, public policy, and Supreme Court precedent do not support exposing a municipality to punitive damages for the misconduct of its officials pursuant to Title IX. Accordingly, defendant's Motion to Strike Plaintiff's Punitive Damage Claims is granted.

Dated: June 14, 2001

JOHN W. DARRAH
United States District Judge